United States District Court
Southern District of Texas
**ENTERED**
March 09, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| **NIKOLAI STRUGANOV,** § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | **CIVIL ACTION NO. 5:26-CV-00283** |
| § | |
| **MARIO GARCIA,** *et al.*, § | |
| § | |
| Respondents. § | |

## ORDER

Pending before the Court is Petitioner Nikolai Struganov's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials and the Department of Homeland Security (DHS).

Petitioner filed his Petition for Writ of Habeas Corpus on February 25, 2026. (Dkt. 1.) Petitioner is a 42-year-old native and citizen of Russia. (*Id*. at 2.) He entered the United States without inspection in October of 2021. (*See id*.; Dkt. 9 at 2.) Petitioner was apprehended by DHS thereafter and issued a Notice to Appear (NTA). (Dkt. 1 at 2.) Petitioner was then released on his own recognizance in October of 2021. (*Id*., Attach. 4 at 2.)  Petitioner lived in the United States and complied with all conditions of his release for nearly four years. (Dkt. 1 at 2.) He applied for asylum and received work authorization. (*Id*.) Petitioner was then taken into custody by ICE on September 23, 2025 and remains in custody. (*Id*. at 7.) On December 23, 2025 an Immigration Judge (IJ) denied Petitioner's release from detention after finding that the IJ lacked jurisdiction to order his release pursuant to *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). (Dkt. 9 at

2.) Petitioner argues he is being unlawfully detained subject to mandatory detention under 8 U.S.C. § 1225(b)(2) in violation of the Immigration and Nationality Act (INA), the Administrative Procedure Act (APA), federal regulations, the declaratory judgment in *Maldonado Bautista v. Noem*, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025), and his Fifth Amendment Due Process Rights. (*Id.* at 19–29.) He asks the Court to order his immediate release or in the alternative, provide him with a bond hearing. (*Id.* at 29.)

The Court ordered Respondents to respond to Petitioner's petition on or before March 4, 2026, (Dkt. 5), and Respondents filed a timely response, (Dkt. 9). The Court notes that on February 6, 2026, the United States Court of Appeals for the Fifth Circuit addressed the dispute over the statutory interpretation of 8 U.S.C. § 1225(b)(2)'s mandatory detention provision in *Buenrostro-Mendez v. Bondi*, — F.4th —, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026). In the precedential decision, the Fifth Circuit determined that noncitizens apprehended in the interior who entered without inspection are "applicants for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore are not entitled to bond hearings under 8 U.S.C. § 1226(a). *Id.* at *4. The decision was limited to the statutory interpretation of the applicable provisions and left unresolved other claims brought by petitioners challenging their mandatory detention, including constitutional questions under the Due Process Clause. *Id.* at *9.

Upon review of Petitioner's case, the Court finds that Petitioner's due process claim presents nearly identical legal questions to those previously considered by the Court in *Bonilla Chicas v. Warden*, 2026 WL 539475 (S.D. Tex. Feb. 20, 2026), in which the Court determined that the petitioner's detention by ICE violated his rights under the Due Process Clause. Respondents' arguments continue to ignore a critical point: noncitizens' constitutional rights are not limited to those set out in statute. The Court has already found that noncitizens have a protected

liberty interest and a right to freedom from detention by virtue of establishing a presence in the United States. *See Bonilla Chicas*, 2026 WL 539475 at 6–7.

As is well established, the Fifth Amendment's Due Process Clause applies to noncitizens and guarantees rights in addition to those as set out by Congress in statute. *See Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."); *Wong Wing v. United States*, 163 U.S. 228, 238 (1896) ("even aliens shall not be … deprived of life, liberty, or property without due process of law"); *see also Yamataya v. Fisher*, 189 U.S. 86, 100-01 (1903); *Mathews v. Diaz*, 426 U.S. 67, 77 (1976). Moreover, "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690; *see also Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) ("Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action."). For this reason, punitive civil detention violates due process. *See Kansas v. Hendricks*, 521 U.S. 346-57, 356 (1997); *United States v. Salerno*, 481 U.S. 739, 746 (1987). Civil immigration detention is permissible only to the extent that it is reasonably related to the statutory purposes of ensuring appearance at proceedings and protecting the community from danger. *See Zadvydas*, 533 U.S. at 690; *Foucha*, 504 U.S. at 72 ("Due process requires that the nature of commitment bear some reasonable relation to the purpose for which the individual is committed." (citing *Jones v. United States,* 463 U.S. 354, 368 (1983)). The Court reiterates that noncitizens who have established a presence in the United States have a protected liberty interest and a right to freedom from detention that derives from the Constitution and guarantees procedural due process protection under the Fifth Amendment's Due Process Clause.

Because Petitioner's legal claims are materially indistinguishable from those considered by the Court in *Bonilla Chicas* and because Respondents have failed to offer controlling precedent or reasoning that would justify reaching a different result in this case, the Court is unpersuaded to alter its prior analysis of the issue. In accordance with its prior analysis, the Court holds that because Petitioner is a noncitizen who previously entered the United States without inspection and has established ties to the United States through his residency, the Due Process Clause of the Fifth Amendment guarantees Petitioner an individualized assessment of his flight risk and dangerousness and an opportunity to respond prior to detention by ICE. This conclusion is further supported by the growing number of district courts that have likewise found that mandatory detention of noncitizens who have established a presence in the United States violates their procedural due process rights. *See, e.g.*, *Vieira v. De Anda-Ybarra*, 2025 WL 2937880, at *7 (W.D. Tex. Oct. 16, 2025); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 687 (W.D. Tex. 2025) (collecting cases); *Hernandez-Fernandez v. Lyons*, 2025 WL 2976923, at *7 (W.D. Tex. Oct. 21, 2025); *Marceau v. Noem et al.*, 2026 WL 368953, at *2 (W.D. Tex. Feb. 9, 2026); *Clemente Ceballos v. Garite,* 3:26-cv-00312-DB, at *3 n. 2 (W.D. Tex. Feb 10, 2026).

Thus, the Court holds that because Petitioner's detention violates his rights under the Due Process Clause of the Fifth Amendment, he is entitled to equitable relief and that the appropriate remedy is Petitioner's immediate release from custody with additional safeguards against redetention.

## CONCLUSION

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is **GRANTED**. Respondents' Response to the Petition for Writ of Habeas Corpus and Motion to Dismiss, or In the Alternative Motion for Summary Judgment, (Dkt. 9), is **DENIED**.

1.  Respondents are **ORDERED** to **RELEASE** Petitioner from custody immediately, under reasonable conditions of release, and to submit a status report to the Court confirming Petitioner's release within 24 hours of the date of this Order.

2.  Respondents must notify Petitioner's counsel of the exact time and location of Petitioner's release **no less than three hours** prior to Petitioner's release from custody.

3.  Respondents must return any and all identification documents and personal belongings taken from Petitioner at the time of apprehension or during detention.

4.  If Petitioner is redetained, all applicable regulations and procedures must be followed, including that Petitioner be afforded an individualized assessment of Petitioner's flight risk and dangerousness as guaranteed under the Due Process Clause of the Fifth Amendment.

5.  Within two weeks of the date of this Order, the parties shall **FILE** advisories with the Court indicating whether the parties oppose entry of a final judgment in this case.

IT IS SO ORDERED.

SIGNED this March 9, 2026.

_____
Diana Saldaña
United States District Judge